UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES EVANS,

                                Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL GIUDICE, shield # 13041, POLICE OFFICER
RICHARD VARGAS, shield # 29756,

                               Defendants.

**FIRST AMENDED COMPLAINT**

CV 12 0001 (MKB) (MDG)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and two New York City Police Officers of the 60th Precinct alleging that, on November 19, 2011, in Brooklyn, defendants violated his rights under 42 U.S.C. § 1983, the First and Fourth Amendments to the United States Constitution and New York state law by retaliating against him for engaging in free speech, using unreasonable force on him, assaulting him and battering him. Plaintiff is not alleging false arrest because he pled guilty to possession of a gravity knife during his arraignment on November 20, 2011, and was sentenced to time served. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5.  Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.  With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7.  Plaintiff is a United States citizen who resides in Brooklyn.

8.  The City of New York is a municipal corporation organized under the laws of the State of New York

9.  The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

**STATEMENT OF FACTS**

10. On November 19, 2011, at approximately 2:45 a.m., plaintiff and two friends made a purchase at a deli/convenience store and exited the store intending to go to one of their homes.

11. Shortly after leaving the store, which is located on the corner of Mermaid Avenue and West 28th Street in Brooklyn, the defendant police officers, Michael Giudice and Richard Vargas, stopped and seized plaintiff and his friends for no legitimate reason and told the men that they "fit a description."

12. The defendants claimed to have found a gravity knife on plaintiff.

13. The defendants released plaintiff's two friends after finding nothing illegal on them.

14. The taller of the two officers handcuffed plaintiff excessively tight causing plaintiff pain and bruising. The other officer failed to intervene to protect plaintiff.

15. Plaintiff questioned defendants' actions of stopping and searching him without legal cause and handcuffing him in a manner designed to cause him pain.

16. In response, the shorter of the two officers punched the handcuffed plaintiff in the face two times. The other officer failed to intervene to protect plaintiff.

17. The officer also kicked plaintiff in his right leg two times. The other officer failed to intervene to protect plaintiff.

18. Plaintiff suffered pain and injuries, including contusions to his face, scalp, neck and hands.

19. The defendants took plaintiff to the 60th Precinct and, after processing his arrest paperwork, to Brooklyn Central Booking.

20. An officer in Central Booking observed plaintiff's physical injuries and told the police to take plaintiff to the hospital.

21. Plaintiff was treated and released at Coney Island Hospital.

22. Plaintiff later pled guilty at his arraignment to possession of a weapon and was sentenced to time served.

23. On November 20, 2011, plaintiff's cousin, Nelson Cameron, took photos of the injuries to plaintiff's face and hands.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered pain and physical injuries, emotional distress, fear and anxiety.

## FIRST CLAIM

### (VIOLATING RIGHT TO FREE SPEECH)

25. Plaintiff repeats the foregoing allegations.

26. Plaintiff's exercise of free speech during his arrest was a motivating factor in defendants' decision to use force upon plaintiff.

27. Accordingly, defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## SECOND CLAIM

### (UNREASONABLE FORCE)

28. Plaintiff repeats the foregoing allegations.

29. Defendants' force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

30. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

### (FAILURE TO INTERVENE)

31. Plaintiff repeats the foregoing allegations.

32. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

33. Accordingly, the defendants are liable to plaintiff failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

34. Plaintiff repeats the foregoing allegations.

35. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

36. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

37. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

38. Numerous members of the NYPD have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, corruption, theft, selling narcotics, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

39. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

40. In 2011, former NYPD narcotics officer Jerry Bowens was convicted of murder and attempted murder while under indictment for corruption.

41. In October 2011, former NYPD narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

42. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

43. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

44. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM

### (ASSAULT)

45. Plaintiff repeats the foregoing allegations.

46. Defendants' force upon plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

47. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SIXTH CLAIM

### (BATTERY)

48. Plaintiff repeats the foregoing allegations.

49. Defendants' force upon plaintiff constituted offensive and nonconsensual physical contacts which injured him.

50. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

51. Plaintiff repeats the foregoing allegations.

52. The individual defendants were acting within the scope of their employment as members of the NYPD when they assaulted and battered plaintiff.

53. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for assault and battery.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

        b.        Punitive damages in an amount to be determined by a jury;

        c.        Attorney's fees and costs;

        d.        Such other and further relief as the Court may deem just and proper.

DATED:    May 11, 2012

                                          /s/

                                      _____
                                      RICHARD CARDINALE
                                      Attorney at Law
                                      26 Court Street, Suite # 1815
                                      Brooklyn, New York 11242
                                      (718) 624-9391