

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO** <br> *Corporation Counsel* | **LAW DEPARTMENT** <br> 100 CHURCH STREET <br> NEW YORK, NY 10007 | **JOSHUA J. LAX** <br> Special Assistant Corporation Counsel <br> Phone: (212) 442-2359 <br> Fax: (212) 788-9776 <br> jlax@law.nyc.gov |

June 27, 2012

**BY ECF**
Honorable Margot K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **James Evans v. City of New York, et al.**, 12-CV-0001 (MKB)(MDG)

Your Honor:

I am a Special Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York and Officer Michael Giudice and Officer Richard Vargas in the above-referenced matter. I write to clarify some representations made by plaintiff's counsel, Richard J. Cardinale, Esq., in his June 26, 2012 letter to the Court.

First, I note for the Court that defense counsel was never provided with a copy of the judgment before it was entered by the Clerk of the Court. At first glance this judgment looks like a form document, but it may have been provided to the clerk by plaintiff's counsel. Defendants object to such a practice, and ask that the Court take note that this judgment may be improper.

With respect to counsel's efforts to contact me regarding a proposed briefing schedule, he sent me an e-mail at approximately 6:20 p.m., after I had left for the day, asking if I agreed to the briefing schedule. He sent me a follow-up e-mail regarding the proposed briefing schedule at 7:13 p.m. These messages were sent after business hours, thus I had no opportunity to discuss with plaintiff's counsel the proposed schedule prior to his writing to the Court late last evening.

In terms of plaintiff's motion, the parties have not yet engaged in negotiations focused on plaintiff's claim for attorney's fees. Discussions have focused on whether a stipulation of settlement is necessary, and what the language in part of the stipulation should read which is moot since judgment was entered. Plaintiff's counsel provided a ledger and a proposed declaration regarding fees over the weekend, and I received them on Monday, June 25, 2012. Due to the other discussions I had with plaintiff's counsel yesterday, June 26, 2012, I have not

yet requested settlement authority for the fees from my client. I informed plaintiff's counsel that I would hope to have the authority from my client by early next week on July 2, 2012.

Defendants do not object to the briefing schedule itself. Defendants position is that plaintiff should be granted an extension of time to file his motion for fees, but that at this stage a motion is not necessary because the parties have not begun to explore settlement of the fees.

                                        Respectfully submitted,

                                        /s/

                                        Joshua J. Lax
                                        Special Assistant Corporation Counsel

CC:    Richard Cardinale, Esq. (BY ECF)